IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD TIMON, ) | |
| ) | |
|     Plaintiff, ) | Case No.   3:23-cv-1793-MAB |
| ) | |
| vs. ) | |
| ) | |
| PARKER BRIDGES, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT**

COMES NOW Plaintiff, Donald Timon, by and through counsel, and for his Response to Defendant's Motion to Enforce Settlement, states as follows:

**BACKGROUND**

On January 10, 2021, Plaintiff was injured in a car crash caused by the negligence of Defendant. Defendant was insured by USAA Insurance Company (hereinafter "USAA") on the date of the subject car crash.

On August 31, 2021, Plaintiff offered to settle all of his claims and causes of action against Defendant. (See Defendant's Exhibit A – Doc. #32-1).

As part of his offer to settle, Plaintiff forwarded a Release to USAA and agreed to execute same in exchange for payment of Defendant's policy limits. (See Defendant's Exhibit B – Doc. #32-2).

On September 21, 2021, USAA rejected Plaintiff's Offer to Settle by making a counteroffer in the form of USAA's own proposed Release of all claims with new and different material terms. (See Defendant's Exhibit E – Doc. #32-5).

1

USAA's counteroffer included the following new and different material terms:

1) Requiring William Bridges as a Releasee. (See the first full paragraph of USAA's proposed Release - Defendant's Exhibit E – Doc. #32-5);

2) Requiring Releasor Donald Timon to assume all responsibility for payment of liens and assignment of benefits. (See the second full paragraph of USAA's proposed Release- Defendant's Exhibit E – Doc. #32-5);

3) Requiring Releasor Donald Timon to hold harmless, defend, and indemnify USAA and its insureds from claims, actions, and suits arising out of the liens and/or subrogation claims. (See the second full paragraph of USAA's proposed Release- Defendant's Exhibit E – Doc. #32-5);

4) Requiring Releasor Donald Timon to preserve any and all claims USAA's insureds may have against him. (See the fourth full paragraph of USAA's proposed Release - Defendant's Exhibit E – Doc. #32-5);

5) Requiring Releasor Donald Timon's spouse to execute USAA's proposed Release. (See the second page of USAA's proposed Release - Defendant's Exhibit E – Doc. #32-5);

USAA conditioned its counteroffer on Plaintiff executing and returning USAA proposed Release. (See Defendant's Exhibit D – Doc. #32-4).

On December 29, 2022, Plaintiff filed a Complaint for Damages asserting personal injuries arising out of the January 10, 2021 car crash (Doc. #2 – Exhibit 1).

On May 30, 2023, Defendant filed a Notice of Removal to the United States District Court for the Southern District of Illinois. (Doc. #2).

On November 9, 2023, Defendant filed Defendant's Motion to Enforce Settlement. (Doc. #32).

## ARGUMENT

### USAA Rejected Plaintiff's Offer to Settle

USAA rejected Plaintiff's offer to settle Plaintiff's claims and causes of action against Defendant by sending a counteroffer with new and different material terms.

The Illinois Court of Appeals has opined, "[a] settlement agreement is binding only if there is an offer, an acceptance, and a meeting of the minds as to the terms of the settlement." Magee v. Garreau, 774 N.E.2d 441, 446, 266 Ill.Dec. 335, 340 (2nd Dist. 2002)(citation omitted). The Court of Appeals has further opined:

> The acceptance must comply strictly with the terms of the offer. An acceptance requesting modification or containing terms that vary from those offered constitutes a rejection of the original offer and becomes a counterproposal that must be accepted by the original offeror before a valid contract is formed.

Id. at 446 (citation omitted)(emphasis added). The Court of Appeals has opined out, "[r]esponding to an offer with a counteroffer constitutes a rejection of the original offer." Sementa v. Tylman, 595 N.E.2d 688, 692, 172 Ill.Dec. 327 (2nd Dist. 1992). In addition, the Court of Appeals has pointed out that, "[a] rejected offer cannot be revived by a later acceptance." Id.

The instant case is similar to Magee v. Garreau, 774 N.E.2d 441, 266 Ill.Dec. 335, (2nd Dist. 2002). In Magee, the parties were represented by counsel and submitted an auto case to an arbitration panel where the panel awarded damages in the amount of $3,500. Id. at 443. After the judgment was entered by the Court, Defendant filed a Motion to Vacate the Judgment and Enforce a Settlement in the amount of $2,100. Id. Defendant's Motion to Enforce "alleged that plaintiff's counsel indicated he would not accept the draft because it included as a payee a lienholder he was

3

unaware of." Id. Plaintiff's counsel submitted an affidavit in opposition to Defendant's Motion to Enforce that provided, in part, that Plaintiff's counsel informed defense counsel ". . . that any settlement would be absolutely conditioned upon full, prompt, and unconditional payment in the amount of $2,100.00 no later than 1:30 p.m. on February 21; that the tender must be made in advance of the issuance of any dismissal or release; and <u>that any delay or contingency would mean there was no settlement</u>." Id. at 444 (emphasis added).

The trial court, in <u>Magee</u>, denied Defendant's Motion to Enforce Settlement. Id. In affirming the trial court's denial of Defendant's Motion to Enforce Settlement, the Court of Appeals opined, "[d]efendant begins with the assumption that there was an enforceable settlement agreement, but defendant failed to establish by clear, specific analysis, both here and in the trial court, that all of the elements of a valid contract were met. Id. at 446. As noted above, the Court of Appeals, in <u>Magee</u>, opined, "[a] settlement agreement is binding only if there is an offer, an acceptance, and a meeting of the minds as to the terms of the settlement." <u>Magee v. Garreau</u>, 774 N.E.2d 441, 446, 266 Ill.Dec. 335340  (2nd Dist. 2002)(citation omitted).  The Court of Appeals further noted:

> <u>The acceptance must comply strictly with the terms of the offer.  An acceptance requesting modification or containing terms that vary from those offered constitutes a rejection of the original offer and becomes a counterproposal that must be accepted by the original offeror before a valid contract is formed</u>.

Id. at 446 (citation omitted)(emphasis added).  Further, the Court of Appeals pointed out, "[d]efendant also introduced new terms into the purported agreement by adding an unknown third-party payee lienholder." Id. 447.  Finally, the Court of Appeals opined, "[i]t is clear from the undisputed facts that there was not meeting of the minds to support the formation of an enforceable

4

contract." Id. In the instant case, as in Magee, the parties did not form an enforceable contract due to USAA's counteroffer, which introduced new and different material terms.

Similarly, in Poole v. Mosley, 718 N.E.2d 621, 307 Ill.App.3d 625 (1st Dist. 1999), the Court of Appeals held that the date of payment was a material factor and refused to enforce a settlement. In Poole, the parties submitted an automobile injury case to an arbitration panel and Plaintiff received an award on August 26, 1998. Id. at 621. On September 9, 1998, the parties agreed to settle the claim for $7,000.00. Id. Judgment was entered on the claim on October 9, 1998. Id.

In Poole, the Plaintiff agreed to settle with Defendant in exchange for a $7,000.00 draft within seven (7) days of Defendant receiving the executed release and costs would be waived. Id. at 623. In upholding the trial court's denial of Defendant's Motion to Vacate the judgment, the Court of Appeals opined:

> We must reject Plaintiff's (sic) position that a settlement agreement was reached. Here plaintiff's counsel believed that he was to receive a $7,000.00 draft no later than September 25, 1998 (seven days after defendant received an executed release), and defendant's counsel believed that payment was not required until after a dismissal order had been entered. There was clearly a disagreement as to a material factor.

Id. at 623(citation omitted). In the instant case, as in Poole, Defendant's insurer failed to abide by the terms of Plaintiff's offer to settle and rejected same. As such, there is not an enforceable settlement agreement.

Defendant's reliance on K4 Enterprises, Inc., et. al. v. Grater, Inc., 914 N.E.2d 617, 394 Ill.App.3d 307 (1st Dist. 2019) is misplaced. In K4 Enterprises, Inc., the parties, without counsel present, entered into settlement negotiations and an oral settlement agreement in the trial judge's chambers in the presence of the trial judge. Id. at 620(emphasis added). The parties subsequently

5

could not agree on the terms of the oral settlement agreement. Id. at 620. As such, Plaintiffs' counsel made an oral motion to enforce the oral settlement agreement, which was granted by the trial judge. Id. at 620. Regarding the original oral settlement agreement, the trial judge stated:

> . . . this is a motion to enforce a settlement agreement which was done in chambers in front of me. And while the parties disagree on what the terms were, all I have to do is tell you what the terms were. . .

Id. at 622. In affirming the trial court's order to enforce the oral agreement, the Court of Appeals opined, ". . . Judge Taylor's presence and his conclusions that the parties reached an agreement is sufficient to ensure that a contract was made." Id. at 627. The instant case does not contemplate an oral settlement agreement entered into in front of a trial judge who can simply remind the parties of the terms of the settlement that subsequently became disputed. The instant case includes a written offer to settle and a written counteroffer, that included new and different material terms, that terminated power of acceptance of Plaintiff's original offer.

Defendant's reliance on Zamouski v. Gerrard, 275 N.E.2d 429, 1 Ill.App.3d 890 (2nd Dist. 1971) is misplaced. In Zamouski, a defense attorney retained by Defendant Lasalle National Insurance Company on behalf of an insured entered into an oral settlement agreement in a personal injury case settling the case for $125,000.00. Id. at 431(emphasis added). Defendant LaSalle National Insurance Company subsequently declined to honor the settlement agreement and hired a separate law firm in order to assert that the original defense attorney did not have authority to settle the claim for $125,000.00. Id. at 431. Plaintiff filed Breach of Contract claim that named Lasalle National Insurance Company and both law firms as Defendants seeking to enforce the oral settlement agreement. The trial court dismissed claims against all three defendants ruling, "that the action could not be maintained to enforce an alleged oral settlement as no judgment had been

entered thereon nor had the case been dismissed or the release executed. . ." Id. at 431. The Court of Appeals ultimately held that Plaintiff's Complaint was "sufficient to withstand Lasalle's motion to dismiss. We, therefore, conclude that the court erred in dismissing the complaint as to [Defendant LaSalle]." Id. at 432. The Court of Appeals reasoned that the Complaint for Breach of Contract could survive the Motion to Dismiss because, ". . . there [was] an allegation in Plaintiff's Complaint that LaSalle acted 'by and through' the attorneys in accepting plaintiff's settlement offer." Id. at 432.

In Zamouski, unlike in the instant case, the parties, acting by and through counsel, had a meeting of the minds. One of the principals (LaSalle) in Zamouski, subsequently decided to back out of the settlement and the Court of Appeals simply opined that the Plaintiff's Claim for Breach of Contract could survive a Motion to Dismiss. In the instant case, there was a written Offer to Settle with specific terms, which was subsequently rejected by a written counteroffer with different terms.

Defendant's reliance on County Line Nurseries and Landscaping, Inc. v. Glencoe Park Dist., 46 N.E.3d 925, 399 Ill.Dec. 606 (1st Dist. 2015) is misplaced. The parties in County Line Nurseries were involved in an action for breach of contract. Id. at 927. The parties, while at the courthouse, walked out of the courtroom and entered into an oral settlement agreement wherein they agreed to settle their claims and causes of action for a one-time payment to Plaintiff County Line Nurseries in the amount of $17,500.00. Id. at 928(emphasis added). Plaintiff County Line Nurseries subsequently attempted to backout of the settlement. The trial court granted Defendant Glencoe Park District's Motion to Enforce Settlement. Id. at 930. In upholding the trial court's entry of the motion to enforce settlement, the Court of Appeals opined, "[a] meeting of the minds exists whenever the parties' conduct objectively indicates an agreement to the terms of the

7

settlement, even if one or more parties did not subjectively intend to be bound." Id. at 632. The Court of Appeals further pointed out that County Line Nurseries' President shook hands on the settlement agreement. Id. at 932.

In the instant case, unlike in County Line Nurseries, there was not a meeting of the minds as to the terms of the settlement. USAA was presented with an offer to settle with specific terms and USAA rejected Plaintiff's offer by sending back a written counteroffer with new and different material terms.

Defendant's reliance on Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co., 356 N.E.2d 837, 1 Ill.Dec. 555 (1st Dist. 1976) is misplaced. The parties in Sheffield Poly-Glaz, Inc., entered into a proposed oral settlement agreement in the presence of the trial court. Id. at 839(emphasis added). The President of Defendant Abbot, subsequently backed out of the agreement asserting he did not understand one of the material terms. Id. at 839. In upholding the trial court's enforcement of the oral settlement agreement, the Court of Appeals noted, "[i]n this case, the trial court heard the pretrial negotiations of the parties and was present when the alleged oral settlement agreement was finalized." Id. at 840. The Court of Appeals further opined, "[t]here is no dispute in this case that the terms of the settlement agreement specified in the trial court order are similar to those to which the parties agreed on June 10, 1975." Id. at 840.

The instant case does not require that a third-party witness, who was also the trial court judge, remind the parties what the terms of the settlement were. In the instant case, there was clearly a written offer (with specific terms) and a written counteroffer (with new and different terms) that rejected the original offer.

Defendant's reliance on Thornberry v. Board of Education of City of Chicago, 290 N.E.2d 360, 8 Ill.App. 351 (1st Dist. 1972) is misplaced. In Thornberry, the Plaintiff filed a three count

Complaint to enforce the settlement of a personal injury claim. Id. at 361.  Plaintiff brought counts against the Board of Education of the City of Chicago, Consolidated Mutual Insurance Company, and the law firm of Pretzel, Stouffer, Nolan, and Rooney. Id. at 361.  Plaintiffs alleged that the Board of Education and Consolidated Mutual, by and through Pretzel, Stouffer, Nolan, and Rooney offered to settle Plaintiff's injury claim for $2,500.00 in open court. Id. at 361.  Defendants filed a motion to dismiss Plaintiff's Complaint asserting failure to state a claim and res judicata. Id. at 361.  The trial court dismissed the Complaint on the basis of res judicata. Id. at 361.  In upholding the trial court's dismissal of the Complaint, the Court of Appeals opined

> None of the counts of [Plaintiff's] Complaint contain the essential allegations.  Therefore, the order sustaining appellees' motion to dismiss was correct.  Having so concluded, we need not decide whether there was a contract of compromise and settlement and whether the subject of [Plaintiff's] suit was res judicata.  The judgment is affirmed.

Id. at 362.  In Thornberry, the Court of Appeals did not address the issue as to whether or not a valid settlement was entered by the parties.

**Plaintiff Made an Offer to Settle his Injury Claims**

Plaintiff clearly made an offer to settle his injury claim.  Defendant, in its Motion to Enforce a Settlement, has asserted *". . . the release [Plaintiff] provided could not effectuate the settlement he was requesting in his demand."* (Doc. 32 at Page 3).  Plaintiff's offer to settle included a proposed Release that was entitled "Vehicle Accident Release of Liability Form." (See Defendant's Exhibit B – Doc. #32-2).  Plaintiff's proposed Release included the following language:

> Releasor hereby releases Releasee from all liability for claims, known and unknown, arising from the property damage sustained by Releasor in an accident that occurred on January 10, 2021 at 3:00 p.m. involving a vehicle owned by Releasee or driven by Releasee or Releasee's agent.  Releasor understands that, as to claims that are known to the parties when the release is signed, any statutory

> provisions that would otherwise apply to limit this <u>general release</u> are hereby waived. Releasor also understands that this release extends to claims arising out of this incident that are not known by Releasor at the time this release is signed.

(See Defendant's Exhibit B – Doc. #32-2)(emphasis added).

Plaintiff's proposed Release reads in part, "Releasor hereby releases Releasee from all liability for claims, known and unknown, arising from the property damage sustained by Releasor in an accident that occurred on January 10, 2021. . ." It is clear that Plaintiff's proposed Release would have released Defendant from "all liability" from the crash and extinguished all of Plaintiff's claims against Defendant. In its attempt to secure the best possible settlement terms on behalf of Defendant, USAA made a counteroffer with different terms and, inadvertently or not, rejected Plaintiff's offer to settle.

## **CONCLUSION**

It is clear that Plaintiff made an offer to settle to USAA and that USAA rejected same by making a counteroffer that included new and different settlement terms. Though it would be impermissible, USAA is not attempting to revive acceptance of Plaintiff's original offer. USAA is attempting, improperly so, to force Plaintiff to accept USAA's counteroffer to Plaintiff's original offer to settle.

USAA points to multiple cases that are inapposite to the facts of the instant case. Plaintiff and Defendant did not enter into an oral settlement agreement in a judge's chambers only to subsequently back out of same. USAA was presented with a specific offer to settle by Plaintiff that included specific terms and USAA simply rejected same. As noted above:

> <u>The acceptance must comply strictly with the terms of the offer. An acceptance requesting modification or containing terms that vary from those offered constitutes a rejection of the original offer and</u>

<u>becomes a counterproposal that must be accepted by the original offeror before a valid contract is formed</u>.

<u>Id</u>. at 446 (citation omitted)(emphasis added). In its attempt to secure the most favorable of terms on its behalf, and on behalf of its insured, USAA rejected Plaintiff's offer to settle Plaintiff's claims and causes of action for personal injury arising out of the January 10, 2021 collision and Defendant's Motion to Enforce should be denied.

WHEREFORE Plaintiff respectfully requests that this Court enter an Order denying Defendant's Motion to Enforce Settlement and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SCHULTZ & MYERS, LLC**

By: /s/ *Ryan Hatcher*
Ryan Hatcher, IL #6280175
9807 S 40 Drive
St. Louis, Missouri 63124
Telephone: 314-444-4444
Facsimile: 314-720-0744
E-mail: ryan@schultzmyers.com
**Attorney for Plaintiff**
**Donald Timon**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system and is available for viewing and downloading from the CM/ECF system. The forgoing document was served upon all counsel of record via the CM/ECF system on this 13th day of November, 2023.

/s/ *Ryan Hatcher*