IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD TIMON, | ) |
| Plaintiff, | ) Case No. 3:23-cv-1793-MAB |
| v. | ) **JURY TRIAL DEMANDED** |
| PARKER BRIDGES, | ) |
| Defendant. | ) |

## DEFENDANT PARKER BRIDGES' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT

COMES NOW the Defendant, PARKER BRIDGES, by and through her attorneys BETH C. BOGGS, MICHAEL J. LACH, STEVEN J. MCMAHON and BOGGS, AVELLINO, LACH & BOGGS, L.L.C., and for the Defendant's Reply to Plaintiff's Response to Defendant's Motion to Enforce Settlement state as follows:

### ARGUMENT

The Plaintiff's assertion, that the Defendant's response in its September 21, 2021, correspondence, was a counteroffer to Plaintiff's demand, is simply not accurate. As outlined in Defendant's Motion to Enforce Settlement, it was absolutely clear that the intention of the Plaintiff, Mr. Timon, in his demand was that he wanted to resolve his bodily injury claim for payment of the policy limits with the Defendant, Parker Bridges (see Defendant's Exhibit A, Doc. #32-1). Timon went to great lengths to describe his injuries and Specifically, Mr. Timon stated "I will settle now for payment of all her insurance. I have attached a settlement document from the internet. I will sign and return the settlement document, if you agree to

pay all of Parker Bridges' insurance available. Please write back by October 1, 2021, and tell me the policy limits and if you agree to pay it. If that is the case, I will write in the amount, sign and return the settlement documents and then you can send me the check. Just send me an email to let me that we have a deal by October 21, 2021."(see Defendant's Exhibit A-Doc 32-1). Unfortunately, the proposed settlement document that Mr. Timon obtained from the internet could not effectuate a full and final release of all bodily injury claims against Parker Bridges. (see Exhibit B-Doc. 32-2). While Plaintiff's Response attempts to address this issue nothing changes the fact that the language of the proposed release included the following language "Releasor hereby releases Releasee from all liability for claims, known and unknown, arising from the **property damage sustained** by Releasor in an accident that occurred on January 10, 2021 at 3:00 p.m. involving a vehicle owned by Releasee or Releasee's agent."  While Plaintiff appears to gloss over that language in his response, it is clear that specific proposed language only provides and limits the release for claims arising from the "property damage" sustained by Releasor, Mr. Timon, but nowhere in that language does it provide a full general release of all claims for the bodily injury limits as offered by the Plaintiff.   No other language in the proposed release makes it broad enough to encompass what the plaintiff had requested to be accomplished.

The Plaintiff's reliance in his reply on *McGee v. Garreau*, 774 NE2d 441, Ill. Dec. 335 (2d Dist. 2002 and *Pool v. Mosley*, 718 NE2d 621 307 Ill. App. 3625 (1st Dist. 1990) is also not applicable. In *McGee*, the conditions set forth by Plaintiff counsel specifically stated was that unless the terms were met there would be no settlement. *Id.* Here, Mr. Timon never stated there would be no settlement, if any specific contingency was not met.  Also, neither case

cited by plaintiff dealt with a factual situation where a release provided by the party making the demand to resolve within a certain time period that could not completely effectuate the release of the claim for which the Plaintiff demanded for settlement.

To state a cause of action to enforce the settlement the Plaintiff must allege liability of Defendant, which has been done in this matter based upon the complaint directed to the Defendant. (see Doc 1) Further, there must be an agreement concerning the amounts we paid and accepting of the agreement and settlement of the original dispute. *Thornberry v. Board of Education and City of Chicago*, 8 Ill. App.3d 351, 290 NE2d 360 (1st Dist. 1997 2). Here Defendant has met the burden and it is clear that Mr. Timon was offered to settle the matter by payments of the policy limits. Defendant met these terms by agreeing to pay the policy limits which is what was demanded by the Plaintiff Mr. Timon. (see exhibits A-C-Doc. 32-1-5) These are the material terms to the settlement.  As outlined in the Motion to Enforce Settlement, there was clearly a meeting of the minds as to the demand for the policy limits, and the amount to be paid and there was acceptance of the agreement. (See Exhibits A through E Document 32-1 through 32-6). As Illinois law favors settlement, the settlement should be enforced as a matter of law.

Respectfully submitted,

**PARKER BRIDGES**

By:/s/Michael J. Lach
Beth C. Boggs, #6208313
Michael J. Lach, #6203120
Steven J. McMahon, #6205761
BOGGS, AVELLINO, LACH & BOGGS, L.L.C.
9326 Olive Blvd., Suite 200
St. Louis, MO 63132
(314) 726-2310 – Telephone
(314) 726-2360 – Facsimile
mlach@balblawyers.com
**Attorney for Defendant**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Clerk of the United State District Court, Southern District of Illinois, by using the Court's CM/ECF Electronic Filing System this 4th day of December 4, 2023 to:

Mr. Ryan M. Hatcher #6280175
Schultz & Myers, LLC
9807 South Forty Drive
St. Louis, MO 63124
(314) 444-4444 Phone
ryan@schultzmyers.com
**Attorney for Plaintiff**

*/s/ Karen Eiberman*